CONNECTICUT MUTUAL LIFE INSURANCE COMPANY v. CORNELIA JACOBSON and Others.

January 30, 1899.

Nos. 11,473—(259).

Tax Judgment—Defective Description.

A tax judgment *held* void because of the insufficient description of the property.

Action in the district court for Hennepin county to recover possession of land. Defendant Cornelia Jacobson answered, claiming title under one John Kelly. The court, Lancaster, J., directed a verdict in favor of plaintiff, and from an order denying a motion for a new trial, said defendant appealed. Reversed.

*Albert H. Hall* and *C. J. Cahaley*, for appellant.

*Charles J. Tryon*, for respondent.

MITCHELL, J.

This is an action to recover possession of

"The south thirty-one feet of the north one-half of lots six and seven in block one hundred and eighty seven of the town of Minneapolis, according to the plat of said town," etc.

The plaintiff deraigned its title from two sources, viz., a sale under a mortgage executed by one Kelly, then the owner of the property, and, second, a sale under a tax judgment. Inasmuch as the court directed a verdict for the plaintiff on the tax title without going into the merits of the alleged title under the mortgage, it only becomes necessary to consider the former; and, under the view we have taken of the case, it is only necessary to consider the sufficiency of the description of the property contained in the tax judgment. That description is as follows:

"Front 31 ft. of rear 82½ feet, lots 6 and 7, block 187, in the town of Minneapolis."

# PLAT
## SHOWING PART OF PLAT OF
## TOWN OF MINNEAPOLIS.

ALL LOTS 66 FEET FRONT BY 165 FEET DEEP

The foregoing copy of a part of the recorded plat of the town shows that lots 6 and 7 are contiguous, lot 6 being the corner lot, and lot 7 lying immediately east of it, each of them having a front of 66 feet, or together of 132 feet, on Jackson street, which bounds them on the south, and each of them having a depth of 165 feet running back north from Jackson street; also, that lot 6 is bounded on the west and for its whole length by Cedar avenue. The premises in controversy are indicated by the following diagram, being 31 feet

wide on Cedar avenue, and running back easterly 132 feet across lots 6 and 7. The only street frontage of the premises in dispute is, as will be observed, on Cedar avenue. It was stipulated on the trial that

"Since 1890 there has stood upon the premises in question a store building fronting and facing upon Cedar avenue, and extending back across said lots 6 and 7 in block 187, and all that part of said lots lying south of said building, to-wit, the southerly 82½ feet of said lots 6 and 7, have now, and during said time have had, standing and built on them store buildings, all fronting on Cedar avenue, and extending across said lots a distance of 84 feet. The part of said lot 7 lying south of the first-named building and east of the line 84 feet from Cedar avenue is held in a separate tract."

The substance of plaintiff's contention is that the plat shows that these two lots front on Jackson street; that the terms "front" and "rear" are correlative, the one meaning the opposite of the other; that all parts of the description of the premises must be construed with reference to the fact that the lots front on Jackson street, and hence that the description "front 31 ft. of rear 82½ feet"

must be construed as meaning the 31 feet of the rear 82½ feet nearest Jackson street. On the other hand, defendant's contention is that while the description segregating the rear 82½ feet from the balance of the lots must have recognized the fact that the two lots as a whole fronted on Jackson street, which they in fact did, yet the reference to that frontage expended itself in describing the 82½ feet, and that the term "front," as applied to the 31 feet, must refer to Cedar avenue, the only street upon which the 82½ feet fronted or faced, and therefore the description of the premises in the tax judgment must be referred to 31 feet across the 82½ feet, and fronting on Cedar avenue, as indicated on this diagram.

Without stopping to analyze very closely the line of reasoning by which counsel endeavored to support their respective contentions, we suggest that people usually understand the words "front" and "frontage" as referring to street frontage, or facing according to the manner in which property is improved and used. Had any one gone upon the ground, he would have found that the property, as improved and used, faced on Cedar avenue. The description

might, and probably would, be sufficient in a deed, at least for the purposes of reforming it, when surrounding facts and circumstances can be taken into consideration for the purpose of ascertaining the intention of the parties; but we think it is altogether too ambiguous and uncertain to be effective in proceedings in invitum, which may result in depriving a person of his property, and where, in the nature of things, there is no such thing as an intention of parties. For this reason the tax judgment was void.

Order reversed, and new trial granted.