ADELBERT AMES v. C. S. DEVER and Others.[1]

February 1, 1907.

Nos. 14,987—(171).

**Tax Judgment Void.**

The rear 40.59 feet in width of a certain lot, in the form of a rectangular parallelogram, extending lengthwise northeast and southwest sixty two feet and a fraction, and fifty five feet wide, was described in a tax judgment as the "southwesterly ¼" of the lot. *Held*, that the judgment was void on its face for uncertainty in the description.

Action in the district court for Hennepin county to determine adverse claims to the land described in the opinion. The case was tried before Holt, J., who found in favor of plaintiff. From an order denying a motion for a new trial, defendant C. S. Dever appealed. Affirmed.

*James E. O'Brien,* for appellant.

*Tryon & Booth,* for respondent.

START, C. J.

This action was brought in the district court of the county of Hennepin to determine adverse claims to the rear 40.59 feet in width of lot 11, block 25, in the town of Minneapolis. It was conceded on the trial that the plaintiff was the owner in fee of the land if the defendants' alleged tax title by virtue of a sale of the land for taxes delinquent January, 1902, was for any reason void. The trial court found that the plaintiff was in possession of the land and the owner thereof in fee simple, free from all right, title, and interest of the defendants, except a lien thereon amounting to the sum of $902.92 and interest, in favor of the defendant C. S. Dever, for the amount paid by him at the tax sale and for subsequent taxes paid by him. Judgment was directed accordingly, and the defendant C. S. Dever appealed from an order denying his motion for a new trial. The trial court by its decision necessarily found the tax sale void, but did not indicate the reason therefor.

[1] Reported in 110 N. W. 370.

The plaintiff contends that the tax judgment upon which the tax sale was based is void for uncertainty in the description of the land therein. A greater degree of certainty in the description of the land in a tax judgment is required than in the published delinquent list; and more certainty is required in the description of land in a tax judgment than in a deed between parties, for tax proceedings are in invitum, which may result in depriving a person of his property, and in the nature of things there is no such thing as the intention of the parties. Connecticut Mut. Life Ins. Co. v. Jacobson, 75 Minn. 429, 78 N. W. 10. The description of the land in a tax judgment must possess that degree of certainty as to admit of no fair doubt as to its meaning upon which persons of ordinary intelligence can reasonably differ. Tidd v. Rines, 26 Minn. 209, 2 N. W. 497.

The land here in question is the rear 40.59 feet in width of lot 11, block 25, in the town of Minneapolis, which is in the form of a rectangular parallelogram, extending lengthwise northeast and southwest one hundred sixty two feet and a fraction, and of the width of fifty five feet. The land was described in the tax proceedings and in the judgment as follows: "Southwesterly ¼ Lot 11, Block 25, town of Minneapolis"—and not otherwise; that is, one-fourth of the lot toward or from the southwest. Webster's Int. Dict. The defendant construes the description as if it read the southerly one-fourth in area or quantity of the lot. Such is clearly not the way the description reads, and it cannot by any reasonable construction be made so to read. We are unable to identify the land in question with that described in the judgment with any degree of certainty. It is clear that persons of ordinary intelligence might well, and probably would, honestly differ as to the meaning of the description. While we cannot say with certainty what part of the lot is included in the description in the judgment, yet the most reasonable construction of the description is that it describes a tract of land bounded by lines parallel with the side and end lines of the lot intersecting at the center thereof, the southwesterly corner of which is the southwesterly corner of the lot; that is, the most westerly corner. The term "southwesterly ¼" of the lot implies a correlative, a southeasterly one-fourth of the lot. The attempted description of the land in question in the judgment was fatally defective because of uncertainty. Therefore the judgment is void on its face.

. It is unnecessary to consider other objections as to the tax sale urged by the plaintiff.

Order affirmed.