No. 45,223

CLARENCE W. HESSELL, JR., and CORINE HESSELL, Husband and Wife, *Appellees*, v. LATERAL SEWER DISTRICT No. T-39, within SHAWNEE and MISSION TOWNSHIPS TURKEY CREEK MAIN SEWER DISTRICT No. 1, JOHNSON COUNTY, KANSAS, and KENNETH HEARD, HERMAN F. HIGGINS and CARL STANDIFORD, AS THE GOVERNING BODY OF SAID DISTRICTS and COUNTY COMMISSIONERS OF JOHNSON COUNTY, KANSAS, *Appellants.*

(449 P. 2d 496)

Opinion filed January 25, 1969.

*James H. Bradley,* of Olathe, argued the cause and was on the brief for the appellants.

*Louis A. Silks, Jr.,* of Shawnee Mission, argued the cause and was on the brief for the appellees.

The opinion of the court was delivered by

FROMME, J.: This appeal is from a judgment setting aside, as void, an assessment for lateral sewer improvements on plaintiffs' property in the city of Merriam, Johnson county, Kansas.

No question is raised concerning the creation and existence of the sewer district or the general authority of its governing body to make sewer improvements and levy special assessments therefor. The assessment was made September 14, 1966, by the defendant board of county commissioners acting as the governing body of Lateral Sewer District No. T-39. The assessment and apportionment of costs for the improvements is governed by K. S. A. 19-2793 (L. 1965, Ch. 170, Sec. 2).

The applicable portion reads:

"All costs of any such lateral sewers whenever built, including, without excluding others, engineering and legal services, shall be spread equally per square foot over all land to a *depth of one hundred fifty (150) feet measured from the front property line or to the rear property line if less than one hundred fifty (150) feet within such lateral sewer district* and all such areas are to be computed on the basis of the net area exclusive of streets or roads, cemeteries or public parks; that for the purpose of this provision the term 'front property line' shall be considered to be (*a*) the front line of the lots established by recorded plats; or (*b*) in the case of unplatted lands, the front line established by recorded private restrictions; or (*c*) in case of lands not so platted or restricted as determined by the governing body, . . .

"*Provided,* That in the event any land within the lateral sewer district which shall have been exempted from assessment as being in excess of a depth of one hundred fifty (150) feet measured from the front property line, as herein provided, *shall thereafter be served by said lateral sewers, said lands shall be subject to assessment* and levy the same as are being levied upon all other lands in such lateral district and shall also provide for additional levies upon said land to pay a proportionate share of all amounts previously paid by such district upon any outstanding bonds: . . ." (Emphasis supplied.)

The statute specifies that "front property lines" shall be determined in three ways (*a*) from recorded plats, (*b*) from recorded private restrictions, in the case of unplatted lands or (*c*) as determined by the governing body, in case of lands not so platted or restricted. The computation of assessments is tied to the establish-

ment of a front property line or lines for each lot or tract. The parties agree that front property lines were not established in this case under (*a*) or (*b*). So (*c*) applies and front property lines were to be determined by the governing body of the lateral sewer district.

A lateral sewer assessment of $1,796.98 was spread against plaintiffs' property. The defendant board admits the assessment was computed on the basis of the total square feet contained in the entire tract.

Plaintiffs' property consists of a rectangular tract of land 90 feet wide on the north and 245 feet deep on which is located a seven room house. The house faces north and is located fifty feet south of the north boundary. The tract is bounded on the north by 59th Street Terrace which is an east-west street used by the public and maintained by the city. The rear of the house is 165 feet from the south boundary. There are no open streets adjacent to the east, west or south boundaries. However, there is an unnamed, un-opened, grass alley-way bordering the property on the south. This alley-way is twenty feet wide, begins at the southeast corner of the property and extends west along the south boundaries of plaintiffs' tract and of two neighboring properties until it reaches Hemlock Street. Hemlock Street is the first north-south street lying west of plaintiffs' tract.

The trial court made the following findings which relate to the location of the front property line of plaintiffs' property:

"6. Building Permit No. 6806, issued November 29, 1949, by the Mission Urban Township, authorized the construction of the Hessell home so that it would front on the South side of 59th Terrace, facing North, and bear a street address of 8205 W. 59th Terrace.

"7. That plaintiffs' home was constructed by them and has been occupied by plaintiffs since said date as their homestead and is the only improvement upon said premises.

"8. That while there apparently is no record of an official dedication of 59th Terrace, it is an East-West street used by the public and maintained by the City of Merriam, Kansas.

"9. That it appears from the plat that the rear of plaintiffs' property borders an unnamed, unopened 20-foot alley-way or right-of-way, which has never been used for public purposes.

"10. No filed plat or private covenant established a front property line to plaintiffs' property, nor does the evidence show that plaintiffs indicated on the petition for the creation of said lateral sewer district that such property line was claimed.

"11. Plaintiffs' seven room home is located upon said real property approximately 50 feet South of 59th Terrace, the postal address being 8205 W. 59th Terrace."

The trial court concluded the only "front property line" of this property, as that term is used in K. S. A. 19-2793, is adjacent to 59th Street Terrace and the property should not have been assessed in excess of the square footage one hundred fifty feet south of said line. It further concluded the action of the governing body in spreading the assessment on the basis of the square footage of the entire tract was arbitrary, unreasonable and resulted in the assessment being void.

The appellant-board specifies various errors which basically depend upon a construction of the above statute. The facts are not in dispute. Lateral sewer lines were installed in the right-of-way of 59th Street Terrace and in the twenty foot grass alley-way. These two separate laterals are available to serve the property on both the north and south.

The appellant-board argues the front property lines were properly established by it on both 59th Street Terrace and on the twenty foot grass alley-way. By measuring 150 feet in from these two front property lines the entire 245 foot depth of the property is encompassed. Therefore, the assessment based on the square footage of the entire tract was proper.

Before examining this contention we wish to set forth the rule of law which governs the courts when they review a discretionary action taken by an administrative body. In *Boehm v. Board of County Commissioners*, 194 Kan. 662, 400 P. 2d 739, it is stated as follows:

"Where there is no constitutional impediment to the action taken or lack of legislative authority, a court can review the discretionary action of a public administrative body only for the purpose of determining whether the action taken is fraudulent or so arbitrary, capricious or unreasonable as to amount to fraud." (Syl. 1.)

(See also *Kansas State Board of Healing Arts v. Foote*, 200 Kan. 447, 436 P. 2d 828.)

Appellants' contention depends upon a construction of the statute. In construing a statute words and phrases should be construed according to the context and the approved usage of the language. (K. S. A. 77-201, Second.) Words in common use are to be given their natural and ordinary meaning in arriving at the proper construction of a statute. (*Roda v. Williams*, 195 Kan. 507, 407 P. 2d 471.)

In arriving at the meaning of the present statute and in applying such meaning to the facts of this case the term "front property line" appears to be the key. That term ordinarily applies to lots, blocks and tracts of land upon which there are buildings and to vacant tracts which are suitable in area and location for urban development and construction of improvements. Various factors and physical characteristics may influence the location of the front property line or lines of a particular lot or tract. The location, use and frontage of buildings on property are of importance in determining front property lines and the size, shape, location, topography, accessibility and even the view to surrounding property may be significant. ( See *Bldg. Inspector v. McInerney,* 47 Wyo. 258, 34 P. 2d 35; *Connecticut Mutual Life Ins. Co. v. Jacobson,* 75 Minn. 429, 78 N. W. 10; *Staley v. Mears,* 13 Ill. App. 2d 451, 142 N. E. 2d 835; *Aller v. Berkeley Hall S. Foundation,* 40 CA 2d 31, 103 P. 2d 1052.)

In determining the front property line or lines of a tract of land under K. S. A. 19-2793 ( L. 1965, Ch. 170, Sec. 2.) the governing body of a lateral sewer district should consider the size, shape, location and topography of the land; the location, use and frontage of buildings thereon; and the location of public right-of-ways accessible to the property.

In the present case the governing body arbitrarily determined plaintiffs' tract had two front property lines because right-of-ways existed on two sides of the property. The physical facts and characteristics which generally determine the location of a front property line or lines were disregarded by it. Plaintiffs' property was not accessible on the south. There were no buildings on the south half of this tract and the zoning ordinances of the city, which required every street to be a minimum of fifty feet wide, made it improbable that buildings would occupy the south half of the tract. Had the governing body gone upon the land they would have found the property, as improved and used, faced 59th Street Terrace and its front property line was limited by the physical characteristics of the tracts to the north boundary line of the property.

Appellants next argue that the assessment was proper under the proviso contained in K. S. A. 19-2793 which authorizes lands previously exempt under the 150 foot limitation to be assessed when they are served later by lateral sewers. They contend the south portion of plaintiffs' tract is served by the lateral sewer line located in the twenty foot grass alley-way.

The appellants base their argument upon *Johnson County Comm'rs v. Robb,* 161 Kan. 683, 171 P. 2d 784, wherein it is said benefits from installation of a sewer system arise not only from the use but from availability for use and an assessment against vacant land is not invalid prior to the time the sewer is actually used. The property is more valuable because the improvement is made and the cost of the improvement may legally be assessed against unimproved land.

The assessment in the Robb case was made under a different statute. K. S. A. 19-2793 as amended provides an entirely different method of assessment based upon front property lines and exempting areas beyond 150 feet from these lines. The Robb case is not controlling or persuasive here.

The first part of the present statute exempts certain areas from assessment. The proviso authorizes an assessment on these exempt areas when they "shall thereafter be served by said lateral sewers." This cannot be intended to mean when lateral sewers are available for service. Such a construction would negate the provision for exempt areas which result from assessment to a depth of 150 feet from the front property line.

In construing a statute the legislative intention is determined from a general consideration of the whole act. Effect must be given, if possible, to the entire statute and every part thereof. To this end a court should reconcile the different provisions so as to make them consistent and practicable. (*Iola B. & L. Ass'n v. Allen County Comm'rs,* 152 Kan. 365, 103 P. 2d 788; *In re Estate of Diebolt,* 187 Kan. 2, 14, 353 P. 2d 803.)

The statute is not ambiguous. The first part of the act exempts a certain portion of a tract from the orignal assessment. When such exempted area shall thereafter be served by connecting the lateral sewers to improvements thereon an assessment is then to be made against the area which previously escaped assessment because it lay more than 150 feet from any front property line. The term "served" as used in the proviso conotes service to improvements through a connection with the lateral sewers.

The historical background and changes made in a statute are to be considered by a court in determining legislative intent for the purpose of statutory construction, and any changes and additions made in existing legislation raise a presumption that a change in meaning and effect is intended. (*Curless v. Board of County Commissioners,* 197 Kan. 580, 419 P. 2d 876.)

The history of this legislation shows that the original enactment (L. 1953, Ch. 162, Sec. 7) required the cost of lateral sewer improvements to be spread equally per square foot over all land within the district. Thereafter the law was amended to spread the cost equally per square foot over the land to a depth of 150 feet measured from the front property lines. (L. 1965, Ch. 170, Sec. 2.)

It is apparent the change in this statute was intended by the legislature to alleviate the burdens imposed upon those persons owning exceptionally deep or unusually large tracts with limited access. In determining the front property line or lines the governing body should act reasonably and in keeping with the intent of the legislature.

Under the facts and circumstances of this case the governing body acted arbitrarily, capriciously and unreasonably in ignoring the provisions of the statute and in computing the assessment on the basis of the total square feet in the entire tract. The action of the governing body was such as to amount to fraud upon the plaintiffs if the assessment were permitted to stand. The assessment was properly set aside as void.

The judgment of the district court is affirmed.