No. 45,299

Eulalee Whitehead, *Appellant,* v. State of Kansas Labor Department, James G. Winn, R. F. Olberding, Sid Calbert of the Employment Security Board of Review, *Appellees.*

(453 P. 2d 11)

Opinion filed April 12, 1969.

*Elmer C. Jackson, Jr.,* of Kansas City, argued the cause, and *Harry Hayward,* of Kansas City, was with him on the brief for the appellant.

*Marlin A. White,* of Holton, argued the cause, and was on the brief for the appellees.

The opinion of the court was delivered by

O'Connor, J.: The sole question for determination in this appeal is whether a nonresident claimant whose employment was in Kansas can maintain an action for judicial review against the employment security board of review under the provisions of K. S. A. [now K. S. A. 1968 Supp.] 44-709 (*h*), which provides:

". . . Within ten days after the decision of the board has been mailed, any party aggrieved thereby may secure judicial review thereof by commencing

an action against the board for the review of its decision *in the district court of the county in which such party resides, or has his principal place of business,* in which action any other party to the proceeding before the board shall be made a defendant. . . ." (Emphasis added.)

The stipulated facts are that the appellant, Eulalee Whitehead, lived at all times in Kansas City, Missouri, and was an employee of Armour and Company in Kansas City, Kansas, until May 20, 1965, when the plant was closed. Throughout the period of appellant's employment, Armour and Company was subject to the provisions of the employment security law (K. S. A. 44-701 *et seq.*) and made regular contributions to the employment security fund established under the act. Subsequent to the closing of the plant, appellant filed her claim for benefits in accordance with the regulations prescribed by the labor commissioner. Her claim was rejected by the employment security examiner, whose determination was affirmed by a referee. After timely appeal, the board of review adopted the findings and conclusions of the referee and affirmed his decision.

On October 17, 1966, appellant filed a petition against the board of review in Wyandotte county district court, challenging the board's decision, particularly the finding that she was unavailable for work. The petition was dismissed by the court on the basis it lacked jurisdiction of the subject matter and person because appellant was a resident of the state of Missouri at the time her petition was filed.

The identical question was before this court in *Johnston v. Kansas Employment Security Board of Review,* 189 Kan. 327, 369 P. 2d 394, but was left unanswered because the board sought to challenge the district court's jurisdiction by a motion to dismiss instead of by answer. There, we held the statute contemplated the only pleadings authorized to be filed in the district court were a petition by the claimant and an answer by the board, and, therefore, the court did not err in overruling the board's motion.

Subparagraphs (*h*) and (*i*) of 44-709 in its earlier form (L. 1937, ch. 255, § 9) were construed in *Shumaker v. Kansas State Labor Dept.,* 154 Kan. 418, 118 P. 2d 550. Although the decision is not germane to the precise question here, the fundamental rules of statutory construction applied by the court bear repeating:

"When a statute is susceptible of more than one construction it must be given that construction which, when considered in its entirety, gives expression to its intent and purpose, even though such construction is not within the strict literal interpretation of the statute.

"Words, phrases or clauses, in some part of a statute may be omitted, inserted or transferred if by so doing the legislative intent may be ascertained thereby." (Syl. ¶¶ 1, 2.)

Similar expression of rules of statutory construction were stated recently in *Barten v. Turkey Creek Watershed Joint District No. 32*, 200 Kan. 489, 501, 438 P. 2d 732, quoting from *State v. Sumner*, 169 Kan. 516, 219 P. 2d 438:

" 'When the interpretation of some one section of an act according to the exact and literal import of its words would contravene the manifest purpose of the legislature, the entire act should be construed according to its spirit and reason, disregarding so far as may be necessary the strict letter of the law.' "

Once legislative intent is ascertained, it should be given effect, even though the literal meaning of the words used in the enactment is not followed. (*Bayless v. List & Clark Construction Co.*, 201 Kan. 572, 441 P. 2d 841; *Duggan v. Navart*, 198 Kan. 637, 426 P. 2d 153.)

The Kansas employment security law enacted in 1937 is not an isolated act on the part of a single state. While the purpose of the enactment was to provide for the public good and general welfare of the citizens of this state (K. S. A. 44-702), the legislation was designed to join in the effort by Congress to ease the menace of economic insecurity resulting from unemployment throughout the country. The federal and state enactments represent a cooperative legislative effort by the respective governments to carry out a common public purpose which neither government could fully achieve without the other's cooperation. The federal acts of 1933 (29 U. S. C. A. § 49, *et seq.*) and of 1935 (42 U. S. C. A. § 501, *et seq.*), providing for grants of money to states in the administration of their unemployment compensation laws, form the background of practically all the state statutes on the subject, and were enacted to reimburse the federal treasury for unemployment relief expenditures which were primarily the burden of the state, and to encourage the states to assume their proper burden with reference to the unemployment problem by inducing them to enact unemployment compensation statutes. State statutes such as K. S. A. [now K. S. A. 1968 Supp.] 44-716, which provides for the creation of a state employment security fund, were enacted in order to take advantage of the benefits provided by the federal acts. (81 C. J. S., Social Security and Public Welfare § 80.)

Our research has failed to disclose any unemployment compen-

sation enactment by a sister state which prevents judicial review by an aggrieved nonresident claimant who otherwise comes within the purview of the act.

We find nothing in the Kansas employment security law to indicate that a nonresident employee of an employer within the state is to be treated any differently than a resident employee. In fact, an employee's status as a nonresident appears to bear no relevancy to his or her eligibility for benefits under the act. (K. S. A. 44-703 [*i*] [1]), 44-705, 44-706.) As previously indicated, appellant performed services entirely within this state for Armour and Company, during which time she was, and still is, a nonresident. During her employment the company made regular contributions to the employment security fund pursuant to the act.

The effect of the district court's literal interpretation of the judicial review statute is that an aggrieved claimant who is a nonresident of the state is precluded from obtaining judicial review of the board's decision, whereas a resident would be accorded that right. Such an interpretation would bring into question the constitutionality of the statute itself. A statute should, if reasonably possible, be construed to prevent discrimination and unequal protection of the laws, and thus uphold its constitutionality. (*Addington v. State,* 199 Kan. 554, 431 P. 2d 532; *Felten Truck Line v. State Board of Tax Appeals,* 183 Kan. 287, 327 P. 2d 836.) Futhermore, a statute should never be given a construction that leads to uncertainty, injustice or confusion, if possible to construe it otherwise. (*Willmeth v. Harris,* 195 Kan. 322, 403 P. 2d 973.)

In respect to the filing and determination of a claim for benefits under the act, K. S. A. [now K. S. A. 1968 Supp.] 44-709 (*b*) provides that any party aggrieved by the decision of the board of review may appeal to the court in accordance with paragraph (*h*) of § 44-709, which is the very subparagraph under consideration. We deem inconceivable the thought that the legislature would grant a claimant the privileges and benefits of the act, and further provide the right of appeal to the courts if he was aggrieved by the decision of the board, and then fail to provide a forum for judicial review in the case of a nonresident claimant.

Appeals generally are favored in the law, and appeal statutes should be liberally construed in furtherance of justice whenever that may reasonably be done. (*In re Estate of Goddard,* 176 Kan.

495, 271 P. 2d 759; *In re Estate of Charles,* 158 Kan. 460, 148 P. 2d 765.)

When an examiner makes a determination of a claim for benefits, K. S. A. [now K. S. A. 1968 Supp.] 44-709 (*b*) specifically requires that the claimant and "his *most recent employing unit*" (emphasis added) be notified of the examiner's decision. For all practical purposes, "employing unit," which is defined in K. S. A. 44-703 (*g*), would be the employer by whom the claimant was last employed.

The judicial review statute (44-709 [*h*]) requires the action be filed in the district court of the county where the aggrieved party "resides, or has his principal place of business." The "aggrieved party" could be either the claimant or his most recent employer. In the case of an aggrieved nonresident claimant, we are of the opinion the legislature intended that the phrase "his principal place of business" refer to his most recent place of employment within the state, which in this case was Wyandotte county. The word "business" in its ordinary and common usage may be said to include "employment." In *Mansfield v. Hyde,* 112 Cal. App. 2d 133, 245 P. 2d 577, it was stated that "business" in its broad sense embraces everything about which one can be employed, and is synonymous with calling, occupation or trade engaged in for the purpose of obtaining livelihood or gain or profit. (Also, see, Ballentine's Law Dictionary [2d Ed., 1948], pp. 179 and 431; Black's Law Dictionary [Rev. 4th Ed., 1968], pp. 248, 249, and 618.) Thus construed, the statute affords an aggrieved nonresident claimant a forum for judicial review of the board's decision. Such construction, we believe, effectively carries out the intention of the legislature that a claimant-employee who is otherwise within the purview of the act is not to be denied the right of judicial review because he or she is a nonresident of the state.

The judgment of the district court is reversed and the case remanded with directions to proceed with the action commenced by appellant.