George Firestone Secretary, Department of State Tallahassee
QUESTIONS:
1. Under the reporting requirements of s. 106.07(4), F. S., does an individual contributor to a campaign have to report his principal place of business?
2. If the answer to question 1 is in the affirmative, what does the term `principal place of business' mean as applied to an individual?
SUMMARY:
Under the reporting requirements of s. 106.07(4)(a), F. S., the principal place of business, if any, of the individual contributor must be reported.
AS TO QUESTION 1:
Section 106.07(1), F. S., requires each campaign treasurer designated by a candidate or political committee pursuant to s.106.021, F. S., to file regular reports of all contributions received, and all expenditures made, by or on behalf of such candidate or political committee. These reports are to be filed with the officer before whom the candidate is required by law to qualify. Section 106.07(2). In addition, s. 106.07(4)(a) requires that such reports contain:
 The full name, residence or business address, mailing address if different from the residence or business address, and occupation, and principal place of business, if any, of each person who has made one or more contributions to or for such committee or candidate within the reporting period, together with the amount and date of such contributions. However, if the contribution is less than $100, the occupation and principal place of business of the contributor need not be listed, and only the name, residence or business address, and mailing address if different from the residence or business address, is necessary. (Emphasis supplied.)
You inquire as to whether the foregoing statutory provision requires an individual, as opposed to a corporation, to report his principal place of business. Section 106.07(4)(a), F. S., provides that the reporting requirements contained therein are applicable to any contribution made by a `person' to a political committee or candidate during the reporting period. While `person' is not defined within that section, s. 106.011(8), F. S., provides that, for the purposes of ch. 106, F. S., unless the context clearly indicates otherwise, `person' means `an individual or a corporation, association, firm, partnership, joint venture, joint stock company, club, organization, estate, trust, business trust, syndicate, or other combination of individuals having collective capacity.' (Emphasis supplied.) It is a general rule of statutory construction that when a statute contains a definition of a word or phrase, that meaning must be ascribed to the word or phrase whenever repeated in the statute, unless a contrary intent clearly appears. Ervin v. Capital Weekly Post, Inc. 97 So.2d 464 (Fla. 1957) (a statutory definition of a word is controlling and will be followed by the courts), and Richard Bertram Company v. Green, 132 So.2d i4 (3 D.C.A. Fla., 1961), cert. denied, 135 So.2d 743
(Fla. 1961). Section 106.011 states that the definitions contained therein are applicable to the provisions of ch. 106 unless the context clearly indicates otherwise. My examination of s.106.07(4)(a), its enabling legislation, and amendments thereto failed to reveal any evidence that the Legislature did not intend the definition of `person' in s. 106.011 to be applicable to s.106.07(4)(a) or that the reporting of the principal place of business be required only of corporations or other collegial entities. Nor has any such evidence of legislative intent been brought to the attention of this office. While the phrase `principal place of business' has commonly been used in a corporate context, see, e.g., s. 607.041, F. S. (service of process at corporation's principal place of business), and s. 607.157, F. S. (certain records to be kept at corporation's principal place of business), such use of the phrase is not exclusive to corporations. Cf. Whitehead v. State of Kansas Labor Department, 453 P.2d 11 (Kan. 1969), in which the court, in considering the claims of an aggrieved nonresident, concluded that the phrase `principal place of business,' as used in a provision of the state employment security law, referred to the claimant's most recent place of employment within the state. Moreover, in this particular context, the term appears to refer to a particular location. See 12 C.J.S. Business, pp. 778-779, stating in part that `place of business' usually refers to `some particular locality, appropriated exclusively to a local business such as a farm, store, shop, or dwelling place; that specific place within a city or a town at which a person transacts business; the place where a man works.' Cf. Black's Law Dictionary (4th Rev. ed. 1968) (term `business' may mean, inter alia, employment, occupation, or profession). See also 72 C.J.S. Principal, pp. 502-503, defining `principal' when used as an adjective to mean chief, leading, or main, and 70 C.J.S. Place, p. 1092, stating that the word `place' as a noun is defined in its primary and most general sense to mean a locality, situation, or site and is frequently used to denote a building or a part thereof. And see Hodges v. Division of Administration, State Department of Transportation, 323 So.2d 275,277 (2 D.C.A. Fla., 1975) (a place of business is simply a location where business is transacted); Simpson v. Goldworm,59 So.2d 411 (Fla. 1952); and McCall v. State ex rel. Daniels,23 So.2d 492, 494 (Fla. 1945).
In addition, s. 106.06(4)(a), F. S., states that both the occupation and the principal place of business, if any, shall be reported (together with such other information not pertinent to the instant inquiry). Cf. 82 C.J.S. Statutes s. 335 (generally the word `and' in a statute is used as a conjunctive). The only exception to the foregoing requirement recognized by the statute occurs when the contribution is less than $100, in which case the occupation and principal place of business of the contributor need not be listed. Cf. Biddle v. State Beverage Department,187 So.2d 65 (4 D.C.A. Fla., 1966), cert. dismissed, 194 So.2d 523 (Fla. 1966) (under the rule expressio unius est exclusio alterius an exception made in a statute gives rise to strong inference that no other exceptions were intended), and Dobbs v. Sea Isle Hotel,56 So.2d 341 (Fla. 1952). Thus, in the absence of any clear expression that the Legislature intended to exempt individual contributors from the reporting provisions of s. 106.07(4)(a) requiring that the occupation and principal place of business, if any, of contributors be listed, I cannot say that the foregoing requirement is not applicable to individual contributors. Accordingly, I am of the opinion that, until judicially or legislatively determined to the contrary, s. 106.07(4)(a) requires that the reports listing contributions received from an individual by a political committee or candidate include not only the individual's name, residence or business address (mailing address if different), amount, and date of contribution but also his occupation and principal place of business, if any, provided that the contribution is $100 or more.
AS TO QUESTION 2:
It was my opinion in question 1 that s. 106.07(4)(a), F. S., requires that reports of contributions received by a candidate or political committee include the principal place of business, if any, of each contributor, whether an individual or a corporation, unless the contribution is less than $100. You therefore inquire as to what information is necessary to satisfy this requirement, that is, whether the name of the business or its location must be listed. Section 106.07, however, is silent as to what information may be considered sufficient to meet the reporting requirement contained therein, nor does any other provision of ch. 106, F. S., define the term `principal place of business.'
This office does not have the authority to prescribe or to determine the degree of information sufficient to meet the reporting requirements of s. 106.07(4)(a), F. S. In the absence of any legislative direction or judicial determination on this matter, I cannot say what information is necessary to meet the provisions of s. 106.07(4)(a). Section 106.22, F. S., however, empowers and makes it the duty of the Division of Elections to prescribe forms for statements and other information required to be filed by ch. 106, F. S., and further authorizes and requires the division to prescribe rules and regulations to carry out the provisions of the Campaign Financing Law. It is therefore the duty and the responsibility of the division to make a determination regarding the type of information necessary to meet the reporting requirements of s. 106.07 and to adopt and issue forms prescribing the type of information required to be filed. The cases and authorities cited in question 1, however, should provide some guidance in determining what information is necessary to meet the reporting requirement that the principal place of business be listed and appear to indicate that the term generally denotes a location.
Prepared by: Joslyn Wilson, Assistant Attorney General