Numa Ray and Bernadette Ray, Plaintiff-Appellee, v. Frank Johnson, Jr., Defendant-Appellee, and Kenilworth Insurance Company, Garnishee, Defendant-Appellant.

Gen. No. 66–83.

Third District.

April 4, 1967.

Edward G. Vogt, of Kankakee, for appellant.

Charles Henry, of Kankakee, for appellee.

ALLOY, J.

This cause is before us on appeal from a judgment rendered in favor of plaintiffs Numa Ray and Bernadette Ray as against garnishee-defendant Kenilworth Insurance Company, as an insurer of Frank Johnson, Jr., in the sum of $615.30. The cause was tried in the Circuit Court of Kankakee County by the court sitting without a jury.

The record in this cause discloses that on January 18, 1966, the plaintiffs in this action obtained a judgment as against Frank Johnson, Jr. upon a verdict of a jury for property damage in the amount of $461.09 plus costs. The action resulted from an intersection collision between automobiles driven by one of the plaintiffs and Frank Johnson. At the time of the collision, Frank Johnson had in force a policy of insurance with Kenilworth Insurance Company providing for liability coverage for property damage caused by Frank Johnson. The policy had the usual provision for assistance and cooperation of the insured. At a previous trial of the action,

Frank Johnson had arrived late after a jury was picked. Such trial had resulted in low damages and on plaintiff's motion for a new trial, the new trial had been granted. The record also shows that the insurer, as a result of that experience could have ascertained that the insured, Frank Johnson, was a poorly educated person who had only finished the seventh grade and had little understanding of court proceedings.

A letter had been sent on January 10, 1966, to Frank Johnson, Jr. advising "Please be advised that your matter has been set for trial again on January 18, 1966. Please contact me." The letter had been received by said Frank Johnson but he stated on trial of this cause that he had "clean forgot it." There was also evidence in the record from which the court could conclude that insured had a telephone with an unlisted number but that the number could have been secured by insurer's attorney upon inquiry. There is no direct evidence that the insured ever refused to cooperate but simply that he forgot to appear and that is the only reason he did not appear at the time the case was set for trial. Counsel acting for Frank Johnson and the insurance company made no request for a continuance of the case but proceeded with the trial of the cause in the absence of Frank Johnson, Jr. No notice of any intention on part of the insurance company to disclaim liability was ever given to Frank Johnson, Jr. prior to the trial of the action or in conjunction with the notice with reference to the date of trial.

On appeal in this cause, it is contended by defendant Kenilworth Insurance Company, which was held responsible as garnishee under the terms of the insurance policy, that the failure of Frank Johnson, Jr. to attend the trial constituted a breach of his duty to cooperate with his insurer so as to absolve the insurer of liability on the policy of insurance involved.

■ Where an insurer denies liability on the ground that the judgment debtor had failed to cooperate in the defense of the basic action, the insurer had the burden of establishing, in the action thereafter filed by the judgment creditor, that it acted in good faith through its counsel and that the failure of Frank Johnson, Jr. to appear in court was due to a refusal to cooperate. On the basis of the record, it was for the trial court to determine, in the nonjury trial which was had in this cause, whether or not there was a refusal to cooperate and whether the circumstances justified absolving the insurer of liability in the action (Panczko for Use of Enright v. Eagle Indemnity Co. of New York, 346 Ill App 144, 104 NE2d 645).

On the basis of the record before us, we feel that the court was justified in concluding that the insured did not refuse to cooperate. The only notice which was given to Frank Johnson, Jr. was the letter heretofore referred to. It did not specifically advise defendant of the time and place of trial. The record does not show any further effort to get in touch with Frank Johnson, Jr. when it was discovered that he was not present in the courtroom. No effort was made to telephone him nor did the attorney representing the insurance company and Frank Johnson, Jr., ask for a continuance. He simply proceeded with the trial. There was no request for leave to withdraw from the case and no indication that defendant-insurance company deemed the presence of Frank Johnson, Jr. indispensable to procedure in the cause.

■ We are aware of the case of Penn v. Progressive General Ins. Co., 74 Ill App2d 32, 219 NE2d 857, cited by appellant in this Court. In such case, the court concluded that the insurance company had failed to prove its affirmative defense of noncooperation. The burden of proof in such instance is on the garnishee-defendant

459

to establish by a preponderance of the evidence, the affirmative defenses which it raises by its pleadings. In that case, the insured had moved and the insurance company was unable to find her. The court there found that the insurance company did not even contact the finance company referred to on the face of the policy in an effort to find out where the insured lived. In that case the court affirmed the decision of the trial court that the insurance company seeking to be discharged did not exercise a reasonable degree of diligence in ascertaining the whereabouts of the insured, and that such company failed to prove its affirmative defense of noncooperation. Similarly, in the case before us we likewise conclude that Kenilworth Insurance Company did not exercise a reasonable degree of diligence in seeking the attendance of Frank Johnson, Jr. at the trial or in seeking a continuance for such purpose under the facts in the record. We, therefore, conclude that the trial court properly found that Kenilworth Insurance Company failed to prove its affirmative defense of noncooperation.

The judgment of the Circuit Court of Kankakee County will, therefore, be affirmed.

Affirmed.

STOUDER, P. J. and CORYN, J., concur.