WILLIAM R. HALL *et al.*, Plaintiffs-Appellees, *v.* JEAN M. BURNETT, Defendant—(MERIT MUTUAL INSURANCE COMPANY, Garnishee-Defendant-Appellant.)

(No. 55089;

First District—March 30, 1972.

Stern, Rotheiser & Ginsberg, and Jerome H. Torshen, Ltd., both of Chicago, for appellant.

Kennedy, Golan & Morris, of Chicago, (Norman Hanfling, of counsel,) for appellees.

Mr. PRESIDING JUSTICE McGLOON delivered the opinion of the court:

Plaintiffs obtained judgments against Jean Burnett after a jury trial in the Superior Court of Los Angeles County, Los Angeles, California. These judgments were filed in the Circuit Court of Cook County, Illinois, and a garnishment proceeding was commenced against Merit Mutual Insurance Company, Burnett's insurer. The Circuit Court, sitting without a jury, found in favor of plaintiffs, and from that judgment Merit Mutual Insurance Company appeals alleging that Burnett, its insured, materially breached the "Cooperation Clause" of the insurance contract, and that this defense is available to them in a garnishment proceeding.

We affirm.

On March 16, 1966, a vehicle driven by Jean Burnett became involved in a collision with a vehicle in which the plaintiffs were driver and passenger. In April of 1966 the plaintiffs filed a suit against Burnett in the Superior Court of Los Angeles, California. After being served with summons, Burnett forwarded the summons to Merit Mutual Insurance Com-

pany (hereinafter referred to as Merit), pursuant to the terms of a Policy of Insurance issued by Merit in favor of Burnett at the time of the accident. Merit employed the law firm of Cushman and Grover to defend the suit in behalf of Burnett, and their appearance was filed April 20, 1966.

Burnett advised Cushman and Grover by a letter of May 5, 1966, of her address at 2933 Sheridan Road, Chicago, Illinois, and shortly thereafter they sent to Burnett at that address a notice to take a deposition of Burnett in California on May 31, 1966, and a request for her to answer written interrogatories. The answers to interrogatories were returned to Mr. Cushman who filed them with the court on July 21, 1966.

Thereafter, Mr. Cushman attempted to reach Burnett, both at the Sheridan Road address and an address at 8233 South Spaulding Avenue. A telegram addressed to Sheridan Road was not delivered, and Western Union informed Cushman that Burnett was out of town, her date of return unknown.

Although Cushman was unable to make contact with Burnett, he appeared at a pretrial conference on September 13, 1966, and acquiesced to an order setting the date of trial on December 14, 1966. On September 16, 1966, Cushman wrote Burnett at the Spaulding Avenue address and advised her of this fact. He requested her to sign an enclosed copy of the letter and return it to demonstrate receipt of this information, but this was never done.

Between September 16, 1966, and December 6, 1966, settlement negotiations were conducted, and Merit authorized an offer of $7,500 in settlement of plaintiff's claim. During this interval it appears from the record that there was no attempt to locate Burnett. On December 6 Cushman began vigorous attempts to locate Burnett either in California or Illinois, but once again was unsuccessful. The Chicago attorneys retained by Merit to assist in this matter sent letters to Burnett at several Chicago addresses on December 9. These letters contained an admonition to contact them immediately, a reservation of righs and defenses, and the following language:

"The suit is coming up for trial on Wednesday, *December 15, 1966,* in Los Angeles, California, at which time *the attorneys in California who have been retained to defetnd you in California will get the trial continued to a later date. This extra time will give you a chance to contact and cooperate with us in aid of your defense."* (Emphasis added.)

On December 14 a motion for continuance was made and was denied. Therefore, a trial commenced on December 16 which resulted in a jury verdict of $6690.29 rendered December 21. The following day Cushman wrote to Merit that "[W]e think the verdicts are highly satisfactory

\* \* \* we would doubt the advisability of making a motion for a new trial." Plaintiffs, however, were less than pleased with the verdict and made a motion for a new trial.

On December 28, Burnett phoned the offices of Cushman and Grover and informed an employee that she was in town temporarily but would return and call on January 3, 1967. She further stated that her employment (being that of a cabaret performer) kept her traveling and that she had no permanent place where she could be reached. She called because friends had informed her that Cushman was trying to locate her.

Accordingly, on January 3, she called again and informed the employee of Cushman and Grover that she was back in Los Angeles and could be in the office that afternoon. However, no appointment was made by Cushman's office during that phone call.

On February 10, 1967, plaintiffs' motion for a new trial was argued and denied. At this hearing Cushman objected to the motion for a new trial.

After a full hearing in the Circuit Court of Cook County, the trial court resolved the garnishment action in favor of the plaintiffs. The court's ruling was based on its finding that the defense of non-cooperation was not proved.

Merit argues that the insured (Burnett) violated the co-operation clause of the insurance contract when she failed to keep it advised of her whereabouts and failed to appear at her own trial. This issue of non-cooperation is best considered within the context of the rule handed down in *Pennsylvania Thresherman & Farmers Mut. Cas. Ins. Co. v. Owens* (4th Cir. 1956), which was cited with approval in *Janssen v. Worthington* (1968), 99 Ill.App.2d 125, 130, 240 N.E.2d 709, 712, where the court quoted the following language:

"The problem of non-cooperation has a dual aspect: not only what the assured failed to do, but what the insurer on its part did to secure co-operation from an apathetic, inattentive, or vanished policyholder, must be considered. Liability insurance is intended not only to indemnify the assured, but also to protect members of the public who may be injured through negligence. Indeed, such insurance is made mandatory in many states. It would greatly weaken the practical usefulness of policies designed to afford public protection, if it were enough to show mere disappearance of the assured without full proof of proper efforts by the insurer to locate him." 238 F.2d 549, 550.

In the case at bar, it would appear that Burnett, when contacted by counsel retained by Merit, attempted to cooperate. She forwarded the necessary documents to Merit. She promptly answered the written inter-

rogatories tendered her, and she contacted Cushman and Grover when she found out from her friends that she was being sought by them (December 28). Cushman and Grover, on the other hand, was aware as early as August 16 that Burnett could not be readily contacted at the address which it had for her. Nevertheless, although trial was set for December 14 as early as September 16, there was no concerted effort to locate Burnett until a flurry of unsuccessful activity was initiated December 6, a week prior to trial.

These facts alone could serve as a basis for the trial court's finding that the insurer did not do all that it could to locate the insured prior to trial. However, additional facts were also available to the trial court. Merit argues that failure of the insured to appear at trial was an express breach of the co-operation clause and prejudiced her defense. It makes this argument notwithstanding the fact that its agent, the Chicago lawfirm, mailed to Burnett on December 9 a letter informing her that her trial would commence on December 15, and that a continuance would be obtained at that time. The trial, of course, was set for December 14, and no continuance was obtained.

Finally, although Burnett did contact Cushman and Grover on December 28 and January 3, plaintiffs' motion for a new trial was resisted. If Merit found the results of the December 21 verdict (some $800 less than Merit's pre-trial offer) so to its liking that it resisted a motion for a new trial *after* the insured reestablished communication with it, Merit cannot now argue that it is not liable for the judgment in that Burnett refused to assist in the defense of her case.

In a bench trial, the judge is the trier of fact, and it is he who must weigh the evidence and determine the issue of credibility. His findings will only be upset by this court if an examination of the record shows them to be against the manifest weight of the evidence. *Theofanopoulos v. Liddell* (1969), 109 Ill.App.2d 91, 248 N.E.2d 318.

The trial court had more than ample evidence to support its judgment in the case at bar.

Judgment affirmed.

DEMPSEY and McNAMARA, JJ., concur.