DONIS ANDERSON, Plaintiff, *v.* FRANK LAWLOR, Defendant-Appellee.— (MERIT INSURANCE COMPANY, Garnishee-Appellant.)

(No. 56602;

First District (5th Division)—March 14, 1975.

Jacobs, Williams & Montgomery, of Chicago (C. Barry Montgomery, of counsel), for appellant.

John A. Doyle, Ltd., and Hugh J. McCarthy, both of Chicago (William J. Harte, of counsel), for appellee.

Mr. JUSTICE LORENZ delivered the opinion of the court:

Garnishee, an insurance company, appeals from a judgment, entered against it in a garnishment proceeding, which requires it to pay the full amount of a judgment entered against one of its policyholders. It contends that the affirmative defense of noncooperation was established.

Before trial, the parties stipulated that a judgment had been entered against Frank Lawlor in a personal injury action arising out of an automobile accident; that at the time of the accident Lawlor was insured by garnishee under a valid policy which, but for its noncooperation clause, would cover the mishap; and that the noncooperation clause in applicable part provides:

> "The insured shall cooperate with the company and upon the company's request shall attend hearings and trial and shall assist in effecting settlement, securing and giving evidence, obtaining the attendance of witnesses in the conduct of the suit."

The following pertinent evidence was adduced regarding the affirmative defense of noncooperation.

*Barry Blumenfeld*

He is the attorney who was retained by garnishee to represent Lawlor in the personal injury action. Garnishee had sent a letter to Lawlor which stated:

> "Regardless of whether you employ your own attorney [because the claim exceeds the policy limits], our attorneys will defend this action for you to the best of their ability
>
>     ❋    ❋    ❋
>
> Our attorneys will take care of the details of the law suit and file the necessary papers. Your signature or assistance may be needed from time to time to sign papers or other proceedings. If the case should go to trial our attorneys will meet with you to discuss your case thoroughly."

About 2 weeks before the personal injury action came to trial, he called Lawlor. He told him that trial would be held in the near future and that his cooperation and presence were necessary. Lawlor said he would appear but asked to be given notice of the time and place of trial. Lawlor also told the witness a version of the accident which differed from plaintiff's. In support of this fact, garnishee introduced a letter it had received from Lawlor and a copy of the insurance report he had completed. The witness admitted that he was aware that the police report for the accident contained a version of the facts different from Lawlor's, and he admitted

that after this conversation with Lawlor he had filed a motion for a continuance so that he could be present for an estate matter in Florida.

On April 5, 1971, he again called Lawlor. He told him that trial was imminent and that he had a duty under the policy to cooperate. Lawlor said he would appear and asked to be advised of the time and place of trial. However, he did not know the time and location of trial at the time and could not recall whether Lawlor mentioned anything about his job.

On April 6, 1971, the personal injury case was set for trial the following day, and a jury was selected. Although he was unsuccessful in reaching Lawlor in the afternoon, he spoke to both Lawlor's mother and his sister by phone that evening. Neither knew where Lawlor could be reached; but his mother, who was not well versed in English, but seemed to understand, said her son would return that evening. He asked her to tell her son that the trial would be held the following day, that he should be in the witness' office at 9 A.M. the following morning, and that he should call him at home that evening. Lawlor's mother said she would tell her son.

Lawlor did not call him or appear in his office the following day. He again called Lawlor's number and again spoke to Lawlor's mother. She said that she had given him the message, that he had said he had forgotten about the accident and could not be bothered, and that he had gone to work. She did not know where her son works.

He then went to court and informed the judge of what had occurred. He did not recall whether he made a settlement offer or whether he requested a continuance so that Lawlor could be present. However, he did proceed with trial. At the noon recess, he dictated a letter to Lawlor advising him that his failure to cooperate was a violation of his insurance policy, that garnishee had sent a reservation of rights letter based upon his noncooperation, and that garnishee had allowed him to continue the defense.

On the second day of trial, following the testimony of plaintiff's witnesses, plaintiff's counsel offered to stipulate to whatever the witness said Lawlor's testimony would be; but Blumenfeld refused to so stipulate. Both parties then rested their cases. No evidence was presented on Lawlor's behalf.

A week or two after trial, Lawlor called him to find out the results of the trial and was informed that a $7,000 judgment had been entered against him.

*Frank Lawlor*

He was the defendant in the personal injury action and he has a prior

felony conviction. He had two or three conversations with Blumenfeld prior to the one which was two or three weeks before trial. During these prior conversations, he asked if he should appear but was told he would not be needed.

Two or three weeks before trial, Blumenfeld called him. He told Blumenfeld that he would appear but because of his job (he unloads a friend's truck when his friend arrives with shipments) he would need a week's notice. Blumenfeld said he would give him 3 days' notice. They did not discuss the accident.

The night before trial, Blumenfeld again called him. He gave him information regarding the time and place of trial and told him "We may need you tomorrow." Lawlor said he would try to come, but he had to unload his friend's truck.

His mother, who is 73 and senile, did not tell him to appear in Blumenfeld's office. He did not appear in court and did not realize a judgment would be entered against him.

*John A. Doyle*

He was the plaintiff's attorney in the personal injury action. Blumenfeld made a settlement offer immediately before trial and did not request a continuance at that time.

OPINION

Garnishee contends that the affirmative defense of noncooperation was established. It argues that Lawlor's noncooperation was indicated by the fact that Lawlor was informed of the time and place of trial but failed to attend.

■■ In asserting the affirmative defense of noncooperation, the burden is on the insurer to prove that it acted in good faith to secure the attendance of the insured and that the insured's failure to appear was due to his refusal to cooperate. (*Ray v. Johnson*, 81 Ill.App.2d 456, 225 N.E.2d 158.) An insurer is not liable for a judgment rendered against its insured if the insured willfully failed to cooperate by refusing to appear at trial after receiving adequate notice. (*Schneider v. Autoist Mutual Insurance Co.*, 346 Ill. 137, 178 N.E. 466; *Mertes v. Central Security Mutual Insurance Co.*, 103 Ill.App.2d 171, 242 N.E.2d 905.) However, the insurer is liable if it was not sufficiently diligent in attempting to secure the insured's appearance (*Hall v. Burnett*, 5 Ill.App.3d 33, 282 N.E.2d 509; *Penn v. Progressive General Insurance Co.*, 74 Ill.App.2d 32, 219 N.E.2d 857, *Panczko For Use of Enright v. Eagle Indemnity Co.*, 346 Ill.App. 144, 104 N.E.2d 645) or if the insured's failure to attend was not due to a refusal to cooperate. *Ray v. Johnson*, 81 Ill.App.2d 456, 225 N.E.2d 158.

In the instant case, Lawlor's failure to appear at trial was not due to any failure to cooperate. Lawlor had cooperated with the insurer in the past and had manifested an intent to continue cooperating. Lawlor notified his insurer of the accident; completed and returned the insurance report; voluntarily wrote a letter to the insurer regarding the accident; and indicated his willingness to attend trial on numerous occasions.

The only thing Lawlor failed to do was to attend trial. However, Lawlor explained this failure to the trial court's satisfaction. Lawlor stated that he did not attend trial because his attorney had failed to provide him the notice he had promised and therefore he was unable to miss work. His work depended solely upon the arrival of goods from out of State, and the attorney had been informed of this problem in advance. Lawlor further indicated that his attorney had failed to emphasize the importance of this particular court date. According to Lawlor, Blumenfeld had told him only that he might be needed and he recalled prior situations where his presence had not been required.

These facts are similar to those in *Ray v. Johnson*, 81 Ill.App.2d 456, 225 N.E.2d 158. There, the insured also failed to appear at trial. However, the court determined that the insured's failure to attend was not due to any failure to cooperate. There, as here, no evidence was adduced of any other failure to cooperate and the insured explained his failure to appear to the trial court's satisfaction. In *Ray*, the insured simply forgot to come to court at the designated time. The court in *Ray* observed that the insurer had not been as diligent as it could have been in securing the insured's attendance.

■■ In the instant case, it also appears that the insurer was not fully diligent in securing the insured's attendance at trial or in representing the insured's interests. The attorney retained by the insurer to represent the insured did not provide the notice he had promised to provide and never discussed with Lawlor, his client, the possible consequence of his failure to appear, *e.g.*, a judgment against him personally. Also, although counsel proceeded with trial, which lasted 2 days, he made no effort during the course of the trial to secure Lawlor's presence. Moreover, counsel made no effort to withdraw from the case although ethical considerations may have dictated such a course. (See *Allstate Insurance Co. v. Keller*, 17 Ill.App.2d 44, 149 N.E.2d 482.) Rather, he proceeded with trial without Lawlor being present. However, he rested the case without presenting any evidence; he made no effort to reach Lawlor during the proceedings; and he refused to stipulate regarding whatever he said Lawlor's testimony would have been. Nonetheless, he was quick to have the insurer protect its interests when Lawlor failed to appear. We also note that he sought a continuance when it served his interests, but did not seek

one when his client could not be present. In these circumstances, we do not believe the affirmative defense of noncooperation was established.

The judgment of the circuit court of Cook County is affirmed.

Affirmed.

BARRETT, P. J., and DRUCKER, J., concur.