No. 51,068

Earl J. Watson and Marlene Watson, *Appellees and Cross-Appellants,* v. Burley Jones, *Defendant,* and Automobile Club Inter-Insurance Exchange, *Appellant and Cross-Appellee.*

(610 P.2d 619)

Opinion filed May 10, 1980.

*Joel K. Goldman,* of Schnider, Shamberg & May, Chartered, of Shawnee Mission, argued the cause and was on the brief for the appellant and cross-appellee.

*Ernest L. Johnson,* of Dear, Yarnevich & Carey, of Kansas City, argued the cause, and *Joseph T. Carey,* of the same firm, was with him on the brief for the appellees and cross-appellants.

The opinion of the court was delivered by

FROMME, J.: Garnishee, an insurance company, appeals from judgments entered against it in a garnishment proceeding. The judgments require it to pay the full amounts of judgments previously entered against one of its policy holders in a tort action. It contends that the policy defense of noncooperation was established, that the plaintiffs had the burden of disproving this policy defense, and that plaintiffs introduced no evidence and thus failed in their burden of proof.

The plaintiffs, who sought and obtained the order of garnishment, have cross-appealed from the disallowance of reasonable attorney fees. They contend the insurance company refused to pay their claim without just cause or excuse. See K.S.A. 40-256.

We turn to the facts out of which the present controversy arose. The plaintiffs, Earl and Marlene Watson, suffered personal injuries and property damage while making a left turn on Oakland Street in Kansas City, Kansas. Their automobile was hit broadside by an automobile owned and driven by Burley Jones as he was attempting to pass at an intersection in disregard of a turn signal operating on the Watson vehicle. Defendant Jones pled guilty to charges of driving while under the influence of intoxicating liquor, transportation of an open bottle, and possession of untaxed liquor.

The collision occurred on May 16, 1969. Plaintiffs filed suit on May 11, 1971. Summons was issued the following day but was returned unserved. Numerous other attempts to obtain service were unsuccessful until September 15, 1971, when defendant was served at a construction site in Wyandotte County where he was employed. Defendant notified his insurer, Automobile Club Inter-Insurance Exchange (Insurance Exchange), of the suit. Insurance Exchange obtained a statement from defendant as to the facts surrounding the collision.

On October 4, 1971, counsel for Insurance Exchange filed an answer on behalf of defendant raising a defense of the statute of limitations. All manner of discovery concerning the damage claims, including interrogatories, production of wage and tax documents and plaintiffs' depositions, was completed on behalf

of defendant. No notice to take defendant's deposition was given. On December 15, 1972, Insurance Exchange obtained an affidavit from defendant giving his current address and setting forth his claimed whereabouts during the 127 days between the filing of the petition and the date service was obtained. A counter-affidavit was filed by plaintiff Earl Watson detailing his efforts to locate defendant and indicating that defendant concealed himself during the period of time following the filing of the petition so he could not be served, thus tolling the statute of limitations. See K.S.A. 60-517.

Defendant filed a motion for summary judgment based on the running of the statute of limitations. The motion was overruled on March 9, 1973. At this time counsel for Insurance Exchange decided that defendant's deposition should be taken. Counsel attempted to locate defendant to obtain his deposition. A letter was mailed to his last known address on November 30, 1973, 15 days before the pretrial conference. At pretrial the case was set for trial on January 21, 1974. No mention of the noncooperation of the defendant was made at the pretrial conference although both parties knew of the difficulties of obtaining service.

After the pretrial conference counsel for the defendant began a flurry of activity for the purpose of locating the defendant. Numerous letters were mailed to him. An investigator was employed by Insurance Exchange in an attempt to locate defendant. The investigator was unable to talk with defendant. Ten days before the trial date Insurance Exchange wrote a letter to defendant at his last known address in an effort to withdraw its insurance coverage and reserve all rights under the policy arising by reason of the noncooperation of the defendant.

Defendant failed to appear on the day of the trial. Evidence of defendant's negligence was introduced, including guilty pleas to the traffic charges. Testimony was introduced to establish plaintiffs' pecuniary losses. The lawyers representing Jones and the Insurance Exchange were present. They took part in the trial and cross-examined the plaintiffs' witnesses. The court entered judgments as follows: $5,227.00 for Earl Watson and $7,507.00 for Marlene Watson, plus costs. The court specifically found that defendant had absconded and concealed himself after the petition was filed and that the action was timely filed. See K.S.A. 60-517.

On February 1, 1974, counsel for Insurance Exchange were permitted to withdraw from the case. No appeal was taken from the judgments. They are now final and no collateral attack upon the judgments can be permitted.

Two and one-half years later plaintiffs sought an order of garnishment to attach any funds due plaintiffs or defendant Jones under the policy of insurance issued by Insurance Exchange and in effect when the collision occurred.

Insurance Exchange, garnishee, denied that it owed money to defendant Jones or to the plaintiffs, asserted that the insurance coverage had been withdrawn for lack of cooperation, and that Insurance Exchange was not liable under the policy for any judgment against Burley Jones.

Plaintiffs filed a reply denying that coverage under the policy was withdrawn, alleging that Insurance Exchange did have the cooperation of Jones, and asserting that Insurance Exchange was estopped from denying coverage and liability because it fully participated in the defense of the tort action which gave rise to the judgments.

At the trial of the garnishment action the plaintiffs relied on the documents, transcript and other papers in the court file to place the burden of proof on the Insurance Exchange as garnishee. See K.S.A. 1979 Supp. 60-718. The garnishee-insurer had pled the policy defense of noncooperation of its assured, Burley Jones. Garnishee moved for a directed verdict in its favor on the ground that plaintiffs had failed to sustain their burden of proof. The motion was overruled. The trial court held the garnishee-insurer had the burden of establishing that Jones breached the cooperation requirements in the policy. The trial court further held that the garnishee-insurer had failed to establish noncooperation and, in addition, that it was estopped from denying liability for the judgments by participating in the tort action. The court denied plaintiffs' claim for attorney fees.

We turn now to the questions raised on appeal. The insurance policy issued to Burley Jones contained a provision requiring the assured, Burley Jones, to cooperate with the Insurance Exchange "in making settlements, in the conduct of suits and in enforcing any right of contribution." The trial court placed the burden of proving the policy defense on the insurer. The garnishee-insurer claims this was error, pointing to K.S.A. 1979 Supp. 60-718(c).

This statute in pertinent part provides:

"If the garnishee answers as required herein and . . . [i]f a reply is filed as herein provided, the court shall try the issues joined, *the burden being upon the party filing the reply to disprove the sworn statements of the answer,* except that the garnishee shall have the burden of proving offsets or indebtedness claimed to be due from the defendant to the garnishee, or liens asserted by the garnishee against property of the defendant." Emphasis supplied.

Insurance Exchange, the garnishee, was the party filing an answer raising the policy defense of noncooperation. The plaintiffs, judgment creditors of the assured, were the parties who filed a reply joining issue with the answering garnishee. Looking at the literal wording of the statute it would appear the burden is placed generally on the party who files a reply, except when the garnishee has pleaded offsets or indebtedness due from the defendant to the garnishee, or when liens are asserted by the garnishee against the property of the defendant. These exceptions to the general provision for burden of proof are matters of affirmative defense or claims not mentioned in the forms set out in K.S.A. 1979 Supp. 60-718 showing the usual answers and statements to be filed by a garnishee. In our present case the garnishee has not pleaded offsets, indebtedness or liens. It has pleaded no liability under the insurance policy issued to defendant Jones by reason of what is commonly known as a policy defense. As will be shown later, a policy defense is an affirmative defense to be pled and proven by the party asserting it.

When an insurance policy contains a provision relieving the insurer from liability if the assured fails to cooperate in making settlements and in the conduct of suits, an insurer is not liable for a judgment against the assured if the assured has willfully failed and refused to appear and give testimony at trial after receiving adequate notice. However, the insurer is liable for payment of a judgment if the insurer was not sufficiently diligent in its attempts to secure the appearance and testimony of its assured or if the assured's failure to attend is found to have occurred through lack of timely effort and diligence on the part of the insurer. *Jameson v. Farmers Mutual Automobile Ins. Co.,* 181 Kan. 120, Syl. ¶ 7, 309 P.2d 394 (1957); *Anderson v. Lawlor,* 27 Ill. App. 3d 150, 326 N.E.2d 529 (1975); *Bailey v. Universal Underwriters Ins.,* 258 Or. 201, 474 P.2d 746 (1970).

The purpose of cooperation clauses is to protect the insurer's interest and prevent collusion between the insured and the in-

jured person. To that end, cooperation clauses are subjected to the common and ordinary meaning of the language contained therein, and not to a strained or technical construction. Lack of cooperation is a broad term. It may include fraud or collusion, but may also mean merely a refusal of the insured to do the acts required by the policy. 8 Appleman on Insurance Law and Practice § 4771.

The cooperation provision in the policy issued to Burley Jones provided in pertinent part:

"**5. Assistance and Cooperation of the Assured — Parts I and III.** The assured shall cooperate with the exchange and, upon the exchange's request, assist in making settlements, in the conduct of suits and in enforcing any right of contribution or indemnity against any person or organization who may be liable to the assured because of bodily injury, property damage or loss with respect to which insurance is afforded under this policy; *and the assured shall attend hearings and trials and assist in securing and giving evidence* and obtaining the attendance of witnesses. . . .

"**Part IV.** After notice of claim under Part IV, the exchange may require the assured to take such action as may be necessary or appropriate to preserve his right to recover damages from any person or organization alleged to be legally responsible for the bodily injury; and in any action against the exchange, the exchange may require the assured to join such person or organization as a party defendant." Emphasis supplied.

Where an insurer seeks to avoid liability under its policy for failure of the assured to cooperate as required by a condition of the policy, the burden is on the insurer to establish the facts which bring the case within the specified condition in the policy. *Jameson v. Farmers Mutual Automobile Ins. Co.*, 181 Kan. 120; *Southards v. Central Plains Ins. Co.*, 201 Kan. 499, Syl. ¶ 2, 441 P.2d 808 (1968). This rule on burden of proof cited in *Southards* is quoted with approval in *Adventure Line Mfg. Co. Inc. v. Western Casualty & Surety Co.*, 214 Kan. 820, 822, 522 P.2d 359 (1974), and is generally applied in the trial of insurance lawsuits.

Insurance Exchange argues that the legislature in adopting K.S.A. 1979 Supp. 60-718(c) has changed this general rule as far as garnishment cases are concerned. We cannot agree.

Under the prior law, G.S. 1949, 60-945 and 60-948, the form and content of a garnishee's answer was set forth, and the statutes provided if the plaintiff served notice on the garnishee taking issue on garnishee's answer the issues stood for trial as a civil action. The affidavit on the part of the plaintiff was deemed to be the petition and the garnishee's affidavit was the answer thereto.

It appears that prior law was not changed in this respect by the Kansas Code of Civil Procedure effective January 1, 1964. The burden of proving an affirmative policy defense as declared in *Jameson* was not affected by the adoption of K.S.A. 60-718(*c*) and amendments.

Other states quite generally have placed the burden of proof of a policy defense on the insurance company-garnishee. Illinois has a garnishment statute which generally places the burden of proof on the party contesting the garnishee's answer. Ill. Ann. Stat. ch. 62, § 43 (a) (Smith-Hurd 1972). Nevertheless, the burden of proving a policy defense in Illinois is placed on the insurer-garnishee. *Ray v. Johnson,* 81 Ill. App. 2d 456, 225 N.E.2d 158 (1967); *Anderson v. Lawlor,* 27 Ill. App. 3d 150. The rationale behind this rule is that a policy defense is in the nature of an affirmative defense which must be pleaded and proven by a preponderance of the evidence by the party urging the same. 38 C.J.S., Garnishment § 228, p. 476.

Therefore, an insurer in asserting a policy defense of noncooperation has the burden of proof to establish noncooperation when garnisheed by a judgment creditor of its assured. The insurer must prove it acted in good faith and attempted to secure the attendance and testimony of its assured at the trial and that the assured's failure to appear and testify at trial was due to an intentional refusal to cooperate, despite timely and diligent efforts by the insurer.

It follows that the provisions of K.S.A. 1979 Supp. 60-718(*c*), relating to the burden of proof in contested garnishment proceedings, do not apply to an affirmative policy defense pled by a garnishee insurance company. An affirmative policy defense in such case must be proven by the pleader-garnishee.

The trial court did not err in placing the burden of proof on Insurance Exchange in this case.

Our next question is whether the trial court was correct in holding that Insurance Exchange had failed to maintain its burden of proving the policy defense, noncooperation.

The policy provides that the assured shall cooperate with the insurer and, upon request, assist in the conduct of any suit by attending hearings and trials and by giving evidence. What did the evidence at trial tend to establish? Burley Jones, the assured, promptly got in touch with Insurance Exchange personally and

notified the company of the accident. He signed a report form after the accident giving his current address. On December 15, 1972, approximately a year after the answer was filed on behalf of Jones, Insurance Exchange got in touch with Jones and obtained from him an affidavit setting forth his then current address and his claimed whereabouts during the 127 days between the filing of the petition and the service of summons. This affidavit was used in support of the motion for summary judgment based on the statute of limitations. Thereafter until shortly before trial the record fails to disclose any concerted attempts to locate Jones and prepare for trial. It does not appear that Jones ever received or acknowledged notice of the trial setting. During the 30 days preceding the trial Insurance Exchange sent its investigator to locate Jones and, although the investigator located the residence of Jones, he never got to talk with him. Someone at this residence informed the investigator that Jones did not want to talk with the investigator. Approximately 10 days before trial Insurance Exchange mailed a letter to Jones to advise him that the Exchange was withdrawing coverage for his failure to cooperate in the defense of the case. There was no testimony that Jones told his insurer he refused to attend the trial and testify.

Insurance Exchange was present at the trial of the tort claim and defended against the allowance of damages. It had previously attempted and failed in its defense based on the statute of limitations. That defense on motion for summary judgment was heard on affidavits and the record. There was little or no question as to Jones' liability. The only question concerned the amount of damages.

In entering judgment against the garnishee the trial court reviewed the events leading up to the entry of the judgments in the tort action and stated:

"I hold that whatever lack of cooperation there was on the part of Jones, occurring as it did, and at the time it did, was not justification for the insurance company to withdraw coverage.

"As between the plaintiffs going home empty handed here because the Insurance Company had trouble finding a person to whom they had sold a policy, and the Insurance Company paying a just claim which they had insured against, I have no difficulty whatsoever in ruling for the plaintiffs.

"7. For an insurance company to claim lack of cooperation on the part of its insured, it is incumbent on the company to show it made a reasonable, timely effort to get the cooperation of its insured. I can only characterize the efforts of this garnishee defendant to locate its insured as being too little, too late.

"8. I hold that the garnishee defendant has not sustained its burden of proof."

To sustain the policy defense of noncooperation in the present case the insurer had to establish that the assured willfully failed and refused to cooperate by refusing to appear and give testimony at trial after receiving adequate notice of the time and place of the trial. The trial court found the insurer's efforts to obtain the assured's presence at the trial were "too little, too late." By this it would appear the court found the insurer was not sufficiently diligent in attempting to secure the appearance and testimony of its assured and that the assured's failure to attend the· trial occurred through lack of timely effort and diligence on the part of the insurer in contacting the assured. Lack of cooperation as a policy defense depends upon the facts and circumstances in each case. The question of whether the insurer, seeking to avoid liability under a policy on the ground of the assured's noncooperation, has exercised reasonable diligence and good faith is ordinarily a question of fact for the jury or the trier of facts and its determination of that issue will not be reversed on appeal if supported by any substantial evidence. *Bailey v. Universal Underwriters Ins.,* 258 Or. at 225.

The trial court did not err in finding from the evidence that the assured's failure to appear at trial did not constitute noncooperation so as to relieve the insurer-garnishee from liability for the judgments rendered against the assured in the tort action.

In addition to holding that Insurance Exchange failed to establish noncooperation on the part of the assured, the court further held that garnishee defendant was estopped from denying liability to the plaintiffs because it failed to withdraw coverage under the policy until ten days before the tort trial and it thereafter appeared and defended. The theory of estoppel adopted by the court was based upon *Henry v. Johnson,* 191 Kan. 369, 381 P.2d 538 (1963). Estoppel depends upon the facts and circumstances of each case. We see no purpose in adding unnecessarily to the length of this opinion by discussing the presence or absence of estoppel since the appeal must be affirmed anyway for failure to establish the policy defense.

We turn next to the cross-appeal of the Watsons. They assert the trial court erred in refusing their request for attorney's fees in the garnishment proceedings. Allowance of attorney's fees in such cases is permitted under K.S.A. 40-256 when judgment is ren-

dered against an insurance company which has refused without just cause or excuse to pay the full amount of the loss.

Whether the refusal of an insurance company to pay is without just cause or excuse under this statute is to be determined on the facts and circumstances of each case. The circumstances confronting the insurer when payment of loss is denied determines the question, and the circumstances are to be judged as they would appear to a reasonably prudent man having a duty to investigate in good faith and to determine the true facts of the controversy. *Brown v. Continental Casualty Co.*, 209 Kan. 632, 498 P.2d 26 (1972). Whether there was just cause to refuse payment and therefore justification for denial of attorney's fees is in the trial court's sound discretion. *Farm Bureau Mutual Ins. Co. v. Carr*, 215 Kan. 591, 598, 528 P.2d 134 (1974).

The record is examined with regard to plaintiffs' claim to recover reasonable attorney's fees under K.S.A. 40-256 and it is held there existed unresolved questions of fact and an undecided question of law which justified denial of liability under the policy so that the insurer incurred no liability for plaintiffs' attorney's fees. The unresolved questions of fact related to proof of noncooperation by the assured. The undecided question of law concerned who has the burden of proving a policy defense in a contested garnishment proceeding.

The judgment is affirmed both on appeal and cross-appeal.