991 F.2d 805
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 THE CADLE COMPANY, II, Inc., Plaintiff-Appellant,
v.
Charles R. CHASTEEN; Billy M. Carter; Billy M. Holmes;
and Lendell D. Roberts, Defendants-Appellees.
 No. 92-6318.
 United States Court of Appeals, Tenth Circuit.
 March 29, 1993.
 
 Before LOGAN, MOORE and BRORBY, Circuit Judges.
 ORDER AND JUDGMENT*
 BRORBY, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 This case is founded upon diversity jurisdiction and presents for appeal the issue of whether prevailing counsel should be awarded attorney fees based upon a reasonable hourly rate or the agreed upon rate. The district court applied the reasonable hourly rate and we affirm.
 
 
 3
 The significant matters are not disputed. Appellee prevailed in federal district court. As this was a diversity suit, the trial court applied the law of the forum (Oklahoma) and awarded Appellee reasonable attorney fees.
 
 
 4
 The problem arises in that during the litigation Appellee's counsel retroactively reduced his fees from $125 per hour to $62.50 per hour, due to his client's poor financial condition. Appellant does not challenge whether $125 per hour is a reasonable hourly rate for Appellee's attorney, but instead asserts that Appellee's attorney should have been awarded $62.50 per hour, the amount he actually charged the client. The facts leading up to the reduced billing and the district court's rationale were succinctly stated as follows:
 
 
 5
 There is no question that the hourly rate Mr. Tobin eventually agreed to with his clients was not a reasonable hourly rate for his services, nor was it the market rate. Because he had some sympathy with his clients' financial position and reduced his hourly rates does not in my opinion entitle the Plaintiff, as the nonprevailing party, to the benefit of that bargain.... The key factor is the prevailing market rate for the services of an attorney of comparable experience and qualifications. I see no reason why the same determination should not apply when an attorney, because of financial concern for his/her client, has charged the client a rate below a "reasonable" hourly rate.
 
 
 6
 The trial court concluded the key factor to be the prevailing market rate for the services of the attorney rather than the agreed reduced rate that resulted from the attorney's financial concern for his client.
 
 
 7
 Appellant asserts, as its only issue, that the trial court erred by awarding the reasonable rate rather than the agreed upon rate. Appellant accepts all factual findings of the trial court.
 
 
 8
 The parties agree we review the trial court's award of attorney fees to determine if the trial court abused its discretion. Iqbal v. Golf Course Superintendents Ass'n of America, 900 F.2d 227, 228 (10th Cir.1990). The establishment of hourly rates in awarding attorney fees is within the discretion of the trial judge. Gurule v. Wilson, 635 F.2d 782, 794 (10th Cir.1980), overruled on other grounds sub nom. Cox v. Flood, 683 F.2d 330, 331 (10th Cir.1982). "Under the abuse of discretion standard, a trial court's decision will not be disturbed unless the appellate court has a definite and firm conviction that the lower court made a clear error of judgment or exceeded the bounds of permissible choice in the circumstances." McEwen v. City of Norman, 926 F.2d 1539, 1553-54 (10th Cir.1991).
 
 
 9
 As we are applying the law of the forum, we first look to Oklahoma law. Okla.Stat.Ann. tit. 12, § 936 (West 1988) provides: "[T]he prevailing party shall be allowed a reasonable attorney fee to be set by the court." Oklahoma cases hold that a court, in fixing the value of a reasonable attorney fee, should consider every fact or circumstance "bearing on fair compensation for the professional services rendered." Walls v. Russell, 519 P.2d 936, 938 (Okla.Ct.App.1974), overruled on other grounds sub nom. Russel v. Flanagan, 544 P.2d 510, 512 (Okla.1975). A reading of the Oklahoma cases, however, reveals no cases directly on point. When there is no law directly on point, our task is to attempt to predict how the Oklahoma courts would decide the issue.
 
 
 10
 If there is a common thread running through attorney fee cases, it is that of reasonable compensation in light of all the circumstances. The fee agreement existing between an attorney and client is but one of the circumstances to be considered. If the fee agreement fails to provide for reasonable compensation, then the fee agreement alone should not be determinative in an action against a nonparty to the agreement for a "reasonable attorney's fee." This principle was enunciated in Blanchard v. Bergeron, 489 U.S. 87 (1989), when considering whether a litigant could recover an attorney fee in excess of the fee agreement. There the Supreme Court stated:
 
 
 11
 As we understand [42 U.S.C.] § 1988's provision for allowing a "reasonable attorney's fee," it contemplates reasonable compensation, in light of all of the circumstances, for the time and effort expended by the attorney for the prevailing plaintiff, no more and no less. Should a fee agreement provide less than a reasonable fee calculated in this manner, the defendant should nevertheless be required to pay the higher amount.
 
 
 12
 Id. at 93.
 
 
 13
 In the case before us, Oklahoma law mandates "a reasonable attorney fee"; it does not mandate the agreed upon fee arrangement.
 
 
 14
 Appellant argues this result would unjustly enrich the prevailing party's counsel and result in a windfall. Appellant cites Florida Rock Indus., Inc. v. United States, 9 Cl.Ct. 285 (1985), as supporting its position that the attorney fee should be limited to the amount fixed by the attorney-client contract. In Florida Rock, the Claims Court held that "where there is a bona fide contractual arrangement whereby the client has committed to pay the amount billed by the attorneys, ... the court should not second-guess the workings of the market in determining the reasonableness or appropriateness of the fees." Id. at 288. However, market value, as indicated by a fee arrangement, does not reflect what is a "reasonable attorney fee" if the attorney reduces the fee rate because of a client's poor financial condition. Instead, market value is but one of the factors to be considered in determining reasonableness.
 
 
 15
 Nor are we persuaded by Appellant's "windfall" argument. Attorneys who reduce their hourly rates for poor clients should not be penalized for so doing. Save our Cumberland Mountains, Inc. v. Hodel, 857 F.2d 1516 (D.C.Cir.1988) (en banc).
 
 
 16
 Based upon the facts of this case, we cannot hold the trial court abused its discretion in awarding reasonable attorney fees in lieu of the agreed rate.
 
 
 17
 The judgment is AFFIRMED.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3