**Paul F. HOFER, Plaintiff,**

v.

**UNUM LIFE INSURANCE COMPANY OF AMERICA, Defendant.**

**No. CIV.A. 02–2079GTV.**

United States District Court, D. Kansas.

Oct. 7, 2004.

Richard T. Merker, Wallace, Saunders, Austin, Brown & Enochs, Chartered, Overland Park, KS, for Plaintiff.

Geron J. Bird, Lynn D. Preheim, Stinson Morrison Hecker LLP, Wichita, KS, Karen E. Vandusen, Morris J. Nunn, Jennifer J. Coleman, Stinson Morrison Hecker LLP, Kansas City, MO, for Defendant.

### MEMORANDUM AND ORDER

VANBEBBER, Senior District Judge.

This case is before the court on Plaintiff's motion for attorney fees pursuant to K.S.A. § 40–256 (Doc. 94). Because Defendant denied Plaintiff's claim for disability insurance benefits in 2001, and because the court held that such denial constituted a breach of contract,[1] Plaintiff claims that he is entitled to approximately $110,000 in attorney fees. For the following reasons, the court determines that he is entitled to some, but not all, of the fees he seeks. Plaintiff's motion is granted in part and denied in part.

■ Plaintiff brings his motion for attorney fees pursuant to K.S.A. § 40–256. That statute provides as follows:

> That in all actions hereafter commenced, in which judgment is rendered against any insurance company ..., if it appears from the evidence that such company ... has refused without just cause or excuse to pay the full amount of such loss, the court in rendering such judgment shall allow the plaintiff a reasonable sum as an attorney's fee for services in such action, including proceeding upon appeal, to be recovered and collected as a part of the costs: *Provided, however,* that when a tender is made by such insurance company ... before the commencement of the action in which judgment is rendered and the amount recovered is not in excess of such tender no such costs shall be allowed.

The determination of whether an insurance company has refused to pay a claim without just cause or excuse is a matter that depends on the facts and circumstances of a particular case. *Allied Mut. Ins. Co. v. Gordon,* 248 Kan. 715, 811 P.2d 1112, 1125 (1991); *Koch v. Prudential Ins. Co.,* 205 Kan. 561, 470 P.2d 756, 760 (1970). "The circumstances confronting the insurer when payment of loss is denied determines the question, and the circumstances are to be judged as they would appear to a reasonably prudent man having a duty to investigate in good faith and to determine the true facts of the controversy." *Watson v. Jones,* 227 Kan. 862, 610 P.2d 619, 626 (1980) (citation omitted). "[I]t is the insurer's activity or lack thereof [p]rior to

---

1. For a full discussion of the facts surrounding this case, see *Hofer v. UNUM Life Ins. Co. of Am.,* No. 02–2079, 2004 WL 303584 (D.Kan. Jan.29, 2004).

commencement of the action which determines whether or not a refusal to pay is without just cause or excuse." *Covill v. Phillips,* 455 F.Supp. 485, 487 (D.Kan. 1978) (citing *Sloan v. Employers Cas. Ins. Co.,* 214 Kan. 443, 521 P.2d 249, 250–51 (1974)). "[A]ll the good faith and settlement offers in the world *after* suit is filed will not immunize a company from the consequences of an unjustified refusal to pay which made the suit necessary." *Sloan,* 521 P.2d at 251.

A refusal to pay that is frivolous, unfounded, and patently without reasonable foundation meets the definition of "without just cause or excuse." *City of Salina v. Maryland Cas. Co.,* 856 F.Supp. 1467, 1481 (D.Kan.1994) (citations omitted); *Koch,* 470 P.2d at 760. If there exists a good faith legal controversy over liability, attorney's fees must be denied. *Allied Mut. Ins. Co.,* 811 P.2d at 1125; *City of Salina,* 856 F.Supp. at 1481 (citation omitted). Similarly, if an insurer has a bona fide and reasonable factual basis for refusing to pay a claim, no attorney fees are available. *Allied Mut. Ins. Co.,* 811 P.2d at 1125 (citations omitted). Attorney fees may be unjustified where a legal dispute is one of first impression, *Farm Bureau Mut. Ins. Co. v. Carr,* 215 Kan. 591, 528 P.2d 134, 140 (1974); *Forrester v. State Farm Mut. Auto. Ins. Co.,* 213 Kan. 442, 517 P.2d 173, 181 (1973), or where a clause in a policy is found to be ambiguous, *Dronge v. Monarch Ins. Co. of Ohio,* 511 F.Supp. 1, 11 (D.Kan.1979); *Crawford v. Prudential Ins. Co.,* 245 Kan. 724, 783 P.2d 900, 909 (1989). "Denial of payment that is not arbitrary, capricious, or in bad faith will not give rise to an award of attorney fees." *Allied Mut. Ins. Co.,* 811 P.2d at 1125 (citation omitted). Moreover, the court will not award attorney fees to an unsuccessful plaintiff. *Girrens v. Farm Bureau Mut. Ins. Co.,* 238 Kan. 670, 715 P.2d 389, 397 (1986).

■ The award of attorney fees in insurance cases is committed to the sound discretion of the trial court. *Watson,* 610 P.2d at 626 (citation omitted); *Scott v. State Farm Mut. Auto. Ins. Co.,* 18 Kan. App.2d 93, 850 P.2d 262, 267 (1993) (citation omitted). "Judicial discretion is abused only when the action taken is arbitrary, fanciful, or unreasonable." *Scott,* 850 P.2d at 267 (citing *State v. Wagner,* 248 Kan. 240, 807 P.2d 139, 141 (1991)). The court need not "identify and justify every hour allowed or disallowed, as doing so would run counter to the Supreme Court's warning that a 'request for attorney's fees should not result in a second major litigation.'" *Ellis v. Univ. of Kan. Med. Ctr.,* 163 F.3d 1186, 1202 (10th Cir. 1998) (quoting *Malloy v. Monahan,* 73 F.3d 1012, 1018 (10th Cir.1996)) (further citation omitted) (considering whether to award fees under 42 U.S.C. § 1988). Rather, the court may employ a method to result in "general reduction of hours ... so long as there is a sufficient reason" for the reduction. *Mares v. Credit Bureau of Raton,* 801 F.2d 1197, 1203 (10th Cir.1986) (considering whether to award fees under several federal statutes); *see also Carter v. Sedgwick County, Kan.,* 36 F.3d 952, 956 (10th Cir.1994) (citation omitted) (stating that under § 1988 and Title VII, it is within the court's discretion to "make a general reduction in hours claimed to achieve what the court perceives to be a reasonable number").

■ Plaintiff argues that on December 31, 2001, Defendant denied his disability claim without just cause or excuse, thereby entitling Plaintiff to attorney fees incurred in the instant case. Plaintiff filed suit against Defendant on January 15, 2002. Approximately five months after Plaintiff filed suit, Defendant agreed to pay what ultimately amounted to over $500,000 in benefits and premium refunds. Defendant

began making payments shortly thereafter. Plaintiff examined the payment amounts and the insurance policy language, and decided to pursue an additional $478,000 in benefits and premium refunds based on what he argued were misinterpretations of the policy by Defendant. Of the additional money Plaintiff sought, he recovered very little. The court entered judgment for Plaintiff in the amount of $25,000, much of which consisted of back interest owed by Defendant.

Without conceding that it denied Plaintiff's claim absent just cause or excuse, Defendant argues that if Plaintiff is entitled to any attorney fees, he should only receive fees incurred before Defendant agreed to pay benefits. After that time, Defendant argues, every subsequent denial of benefits was either upheld by the court or was based on a novel issue of law.

This case is unique. It does not fit any model for § 40–256 attorney fees found by either the court or the parties. Although the law instructs the court to examine the circumstances before the lawsuit was filed to determine whether Defendant's denial was unfounded, *Covill,* 455 F.Supp. at 487 (citation omitted); *Sloan,* 521 P.2d at 251, this case presents a situation where Plaintiff modified his claim after receiving payments. In other words, Plaintiff initially claimed merely that he was entitled to benefits and premium refunds. After he received the benefits and premium refunds, he calculated that Defendant had underpaid. At that time, he sought additional benefits and premium refunds, which Defendant denied. Although Plaintiff did not file a new lawsuit, he essentially added claims to his case.

The court determines that the most logical way to analyze Plaintiff's § 40–256 claim is to first look at Defendant's conduct before Plaintiff filed suit to determine whether the court should award fees at all. If fees are justified, then the court will look at each party's subsequent conduct to determine what a "reasonable sum" is.

Defendant denied Plaintiff's claim for disability insurance benefits on December 31, 2001. The reasons Defendant provided did not comport with policy language and were not valid reasons to deny benefits. Later, sometime in June 2002, Defendant admitted that Plaintiff was disabled under the policy, and notified Plaintiff that it would make payments. At the time Defendant admitted Plaintiff was disabled, it had no more information than it had on December 31, 2001. The only thing that had changed was that the parties were involved in a lawsuit.

Based on this information, the court determines that Defendant denied Plaintiff's claim in December 2001 without just cause or excuse. Plaintiff is therefore entitled to reasonable attorney fees.

In determining what constitutes a reasonable sum, the court considers the following factors:

> "the amount and character of the services rendered; the labor, time and trouble involved; the nature and importance of the litigation or business in which the services were rendered; the responsibility imposed; the amount of money or the value of the property affected by the controversy, or involved in the employment; the skill and experience called for in the performance of the services; the professional character and standing of the attorney; the results secured...."

*City of Wichita v. Chapman,* 214 Kan. 575, 521 P.2d 589, 598 (1974) (citation omitted).

■ In this case, Plaintiff's attorneys invested significant time providing services in a complicated insurance contract case. The amount of money involved was substantial—over $1,000,000. The skill required in identifying and addressing the

issues was high, and the partner involved has extensive experience and is highly respected in the legal community. Plaintiff prevailed on some of the issues but lost others. Of the issues decided by the court (after Defendant agreed that Plaintiff was entitled to some benefits), the court concludes that both parties had a reasonable basis for raising and contesting the issues.

As noted above, between the payments voluntarily made by Defendant ($510,000) and the court's entry of judgment ($25,-000), Plaintiff recovered approximately half of the damages he sought. *See Wolf v. Mut. Benefit Health & Accident Ass'n,* 188 Kan. 694, 366 P.2d 219, 227 (1961) (holding that a settlement constitutes a confession of judgment, which would satisfy K.S.A. 40–256's requirement that a "judgment" be rendered). Based on this percentage of recovery and the other factors explained above, the court determines that recovery for half of the attorney hours is reasonable. *See Ortega v. City of Kan. City, Kan.,* 659 F.Supp. 1201, 1217 (D.Kan. 1987), *rev'd on other grounds,* 875 F.2d 1497 (holding that under § 1988, consideration of the results obtained relative to the relief requested is required). This rough approximation should account for hours Plaintiff is not entitled to recover, such as hours spent pursuing Plaintiff's benefit claims before preparing to file suit.

■ The court next must determine a reasonable hourly rate. The court has evidence before it of the contract rate negotiated between Plaintiff and his attorneys, $165/hour—partner; $120/hour—associate; and $50/hour—paralegal. Plaintiff was able to negotiate these rates because his wife is a former associate with his attorneys' firm. The court also has affidavits submitted by attorneys unaffiliated with the case, who testify that reasonable rates for attorneys with comparable experience on cases of comparable difficulty are $250/hour—partner;

$175/hour—associate; and $75/hour—paralegal.

The court determines that the attorneys' affidavits are the best evidence of reasonable fees. The affidavits are well-supported and indicate that the reasonable value of Plaintiff's attorneys' services was significantly more than Plaintiff and his attorneys agreed Plaintiff would pay. Factors such as the complexity of the case and the attorneys' experience also weigh in favor of awarding fees at a higher rate. Moreover, both the Supreme Court and the Tenth Circuit have allowed recovery of attorney fees in excess of an agreed-upon amount in certain circumstances. *See, e.g., Blanchard v. Bergeron,* 489 U.S. 87, 96, 109 S.Ct. 939, 103 L.Ed.2d 67 (1989) (holding that a contingent-fee agreement should not act as a ceiling on the award of attorney fees under 42 U.S.C. § 1988); *Cadle Company, II, Inc. v. Chasteen,* No. 92–6318, 1993 WL 96886, at *2–3 (10th Cir. Mar.29, 1993) (allowing attorney to recover more than contract provided where he had agreed to reduce his hourly rate for a poor client).

The court is mindful of Defendant's concern that allowing Plaintiff to recover at the higher rate ignores Plaintiff's fee arrangement with his attorneys. *See, e.g., Assessment Techs. of WI, LLC v. WIRE-data, Inc.,* 361 F.3d 434, 438–39 (7th Cir. 2004) ("The best evidence of the value of the lawyer's services is what the client agreed to pay him.") (determining amount of attorney fees in a copyright action); *Florida Rock Indus., Inc. v. United States,* 9 Cl.Ct. 285, 288 (1985) ("[W]here there is a bona fide contractual arrangement whereby the client has committed to pay the amount billed by the attorneys, ... the court should not second-guess the workings of the market in determining the reasonableness or appropriateness of the fees."). But the court still determines that

in light of all the factors it must consider, the agreed-upon rate is too low to be considered reasonable in this case.

For the above-stated reasons, the court concludes that Plaintiff is entitled to attorney fees for half the hours claimed at the rates of $250/hour—partner; $175/hour—associate; and $75/hour—paralegal. The hours allowable are 106.4—partner; 154.9—associate; and 13.45—paralegal. At reasonable rates, this calculates to recoverable attorney fees in the amount of $54,716.25.

IT IS, THEREFORE, BY THE COURT ORDERED that Plaintiff's motion for attorney fees (Doc. 94) is granted in part and denied in part. Plaintiff is awarded $54,716.25 against Defendant for attorney fees, and the clerk is directed to enter judgment in favor of Plaintiff and against Defendant for the same.

Copies or notice of this order shall be transmitted to counsel of record.

**IT IS SO ORDERED.**